UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ADRIAN SHIPHOLDING INC. and            :
ATLANTIS SHIPPING CO.                  :
                                       :
                    Plaintiff,         :
                                       :        08 Civ. 11124 (HB)
        - against -                    :
                                       :        OPINION &
                                       :        ORDER
LAWNDALE GROUP S.A.                    :
                                       :
                    Defendant.         :
                                       :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

  Plaintiffs filed a Verified Complaint on December 22, 2008 and asked the Court to issue Process of Maritime Attachment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.  On December 23, 2008, the Court issued an Order of Maritime Attachment and Garnishment based on Electronic Funds Transfers (EFTs) passing through this district (the "Rule B Order").  Subsequently, the Second Circuit issued its decision in Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 2009 WL 3319675 (2d Cir., Oct. 16, 2009), which held that "EFTs are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and cannot be subject to Rule B.  Id. at *10-*11.  The Court then ordered Plaintiffs to show cause why, in light of Jaldhi, the Court should not vacate its order of attachment and dismiss the action.

  Plaintiffs conceded that EFTs restrained at intermediary banks are no longer permissible in this Circuit and do not allege that any of Defendant's property other than EFTs is likely to be found in this District.  Therefore, in light of Jaldhi and the Second Circuit's subsequent holding in Hawknet, Ltd. v. Overseas Shipping Agencies, 587 F.3d 127

1

(2d Cir., Dec. 22, 2009), which gave Jaldhi retroactive effect, the Rule B Order should be vacated and the attached funds released.

When Plaintiffs responded to the Court's Order to Show Cause, they also filed a Motion for Recognition, Confirmation, and Enforcement of Arbitral Awards by Default. On October 20, 2009, a panel of arbitrators in London issued an award of $3,750,000 in favor of Plaintiff Adrian Shipholding Inc. against Defendant Lawndale Group S.A.. Defendant did not appear at the arbitration in London, and has not appeared in this action. The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards governs the recognition and enforcement of arbitration agreements involving foreign parties and international commerce.  21 U.S.T. 2517, June 10, 1958 (the "New York Convention").  The New York Convention requires a court to confirm an award "unless it finds one of the grounds for refusal or enforcement of the award specified in said Convention," 9 U.S.C. § 207, which grounds do not include a lack of jurisdiction over the respondent or the respondent's property.  However, the Court of Appeals has recently imposed a requirement that courts in this Circuit find personal or quasi in rem jurisdiction before confirming a foreign arbitral award.  Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009).[1]

Vacatur of the Rule B order leaves this Court without quasi in rem jurisdiction.  HC Trading Intern. Inc. v. Crossbow Cement, S.A., 2009 WL 4337628 (S.D.N.Y. Dec. 2, 2009)

---

[1] While this Court may indeed lack personal jurisdiction over the foreign Defendant, a British Virgin Islands company that cannot be found within this District for purposes of Rule B, the Court will not raise *sua sponte* a personal jurisdiction defense.  See Sifandros Carrier Ltd. v. LMJ International Ltd., 2010 WL 165989 at *1 - *2 (S.D.N.Y. Jan. 15, 2010) (RJH) (declining to raise lack of personal jurisdiction *sua sponte* and proceeding to confirm a foreign arbitral award).  Defendant may bring a collateral challenge to this Court's exercise of personal jurisdiction after entry of judgment of default. Doe v. Constant, 2009 WL 425527 at *3 (2d Cir. Dec. 1, 2009) (citing Ins. Co. of Ireland v. Compagnie Des Bauxites, 456 U.S. 694 (1982)) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.").

(JGK) at *1 (Rule B "provides quasi in rem jurisdiction over defendants' property in maritime cases"). However, Defendant's actual notice of the proceedings vests the court with personal jurisdiction for the purposes of declaring a default judgment. Doe, 2009 WL 425527 at *3. Defendant Lawndale, a foreign corporation that exists under the laws of the British Virgin Islands, has not appeared in this action. Plaintiffs duly served Defendant twice with a summons and complaint in this action, on February 10, 2009 and again on June 16, 2009, and again served Defendant the motion to enforce the arbitral award, on December 23, 2009. This comports with the requirements of Rule B(2)(b) of the Supplemental Rules, which requires proof, which may be made by affidavit, that the plaintiff "mailed to the defendant the complaint, summons, and proceses of attachment or garnishment, using any form of mail requiring return receipt." Accordingly, plaintiff is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure. It is hereby

ORDERED that the December 23, 2008 Ex Parte Order for Process of Maritime Attachment and Garnishment be vacated; and it is further

ORDERED that the London arbitral award of October 20, 2009 shall be enforced according to the terms of the Final Award of the Panel of Arbitrators; and it is further

ORDERED that the Clerk of the Court shall enter judgment and shall close this action and remove it from my docket.

IT IS SO ORDERED.
New York, New York
March 26, 2010

_____
United States District Judge

3